# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| LINDA HOFMANN and ROBERT HOFMANN,<br><br>    Plaintiffs,<br><br>vs.<br><br>JOHNSON & JOHNSON, INC.,<br><br>    Defendant. | No. C06-3083-MWB<br><br>**MEMORANDUM OPINION AND ORDER REGARDING PLAINTIFFS' MOTION TO REMAND TO STATE COURT** |

_____

## *I. INTRODUCTION AND BACKGROUND*

On September 26, 2006, plaintiffs Linda Hofmann and Robert Hofmann ("the Hofmanns") filed a petition in the Iowa District Court for Kossuth County against Johnson & Johnson, Inc. ("Johnson & Johnson"). This lawsuit arises following Linda Hofmann's double knee replacement at the Mayo Clinic in 1999. Linda Hofmann's artificial knee replacements were allegedly manufactured, and/or sold and supplied by defendant Johnson & Johnson. It is alleged that as a result of a defect in the knee replacement devices, Linda Hofmann was required to have the replacement devices themselves replaced, causing her to have to undergo knee replacement surgery again in 2004 and 2005. In Count I of their claims against Johnson & Johnson, the Hofmanns allege that Johnson & Johnson negligently manufactured, sold, distributed, tested, and assembled the knee replacement device. The Hofmanns further allege in Count I that Johnson & Johnson negligently failed to warn them about potential side effects connected with the knee replacement device. In Count II, the Hofmanns assert the doctrine of *res ipsa loquitur* concerning their negligence claims against Johnson & Johnson. In Count III, the Hofmanns allege a claim of strict

liability on the ground that the alleged defects in the knee replacement device rendered it unreasonably dangerous. In Count IV, the Hofmanns allege that Johnson & Johnson breached an express warranty regarding the knee replacement device. In Count V, the Hofmanns allege that Johnson & Johnson breached an implied warranty of fitness regarding the knee replacement device while in Count VI the Hofmanns assert that Johnson & Johnson breached an implied warranty of merchantability concerning the knee replacement device. Finally, in Count VII, the Hofmanns allege a claim for Robert Hofmann's loss of consortium. In their petition, the Hofmanns seek compensatory damages for medical expenses, physical pain and suffering, temporary and permanent disability, loss of income, and loss of consortium. The Hofmanns did not specify the monetary amount being sought in their original state court petition.[1]

On November 26, 2006, defendant Johnson & Johnson removed this action to this federal court on the ground of diversity of citizenship, pursuant to 28 U.S.C. § 1441(a). In its notice of removal, defendant Johnson & Johnson states that "Plaintiffs' claims exceed the amount of $75,000, exclusive of costs and interests." Notice of Removal at ¶ 5. Accordingly, defendant Johnson & Johnson alleges in its notice of removal that the amount in controversy exceeds the jurisdictional requirement established in 28 U.S.C. § 1332.

On April 27, 2007, the Hofmanns filed a Motion To Remand To State Court (#7) in which they seek a remand of this matter to state court, asserting an insufficient amount in controversy. In their motion to remand, the Hofmanns state: "that the amount in controversy is less than $75,000.00." Plaintiffs' Mot. To Remand at ¶ 1. Thus, the Hofmanns seek to have this matter remanded to state court for lack of federal subject

---

[1] The court notes that the Hofmanns were prevented from stating a specific amount of monetary damages in their original petition filed in Iowa district court by Iowa Rule of Civil Procedure 1.403.

2

matter jurisdiction, owing to an insufficient amount in controversy. Defendant Johnson & Johnson filed a response to the Hofmanns' motion on May 14, 2007. In its response, defendant Johnson & Johnson counter that this court has diversity jurisdiction under 28 U.S.C. § 1332(a)(1) because removal jurisdiction has already attached in this case and the Hofmanns' post-removal assertion regarding the amount in controversy is insufficient to defeat jurisdiction. Defendant Johnson & Johnson also points out that because the Hofmanns are seeking damages for two major medical procedures at the Mayo Clinic, disabling injury before and after the surgeries, medical expenses, lost income, pain and suffering and loss of consortium damages, a fact finder could conclude that the damages the Hofmanns suffered are greater than $75,000.

## II. LEGAL ANALYSIS

### A. Standards And Procedures Of Removal Jurisdiction

In *McCorkindale v. American Home Assur. Co./A.I.C.*, 909 F. Supp. 646 (N.D. Iowa 1995), this court summarized the principles applicable to a motion to remand as follows: (1) the party seeking removal and opposing remand bears the burden of establishing federal subject matter jurisdiction; (2) a fundamental principle of removal jurisdiction is that whether subject matter jurisdiction exists is a question answered by looking to the complaint as it existed at the time the petition for removal was filed; (3) lack of subject matter jurisdiction requires remand to the state court under the terms of 28 U.S.C. § 1447(c); (4) the court's removal jurisdiction must be strictly construed; therefore, (5) the district court is required to resolve all doubts about federal jurisdiction in favor of remand; and, finally, (6) in general, remand orders issued under 28 U.S.C. § 1447(c) are not reviewable by appeal or writ of mandamus. *McCorkindale*, 909 F. Supp. at 650.

In *McCorkindale*, in addition to the general principles articulated above, this court considered the proper standards for determining the amount in controversy when a state court rule—such as Rule 1.403 of the Iowa Rules of Civil Procedure—prohibits the pleading of a specific amount in controversy: Instead of the "legal certainty" test,[2] the defendant is required to prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount. *McCorkindale*, 909 F. Supp. at 651-53; *see James Neff Kramper Family Farm P'ship*, 393 F.3d 828, 831 (8th Cir. 2005) (noting that the rule that the party invoking federal jurisdiction must prove the requisite amount by a preponderance of the evidence "applies even in removed cases where the party invoking jurisdiction is the defendant."); *see also Onepoint Solutions, L.L.C. v. Borchert*, ---F.3d---, 2007 WL 1374744 at *4 (8th Cir. May 11, 2007) (noting that the party invoking jurisdiction "has the burden of proving the requisite amount by a preponderance of the evidence."); *Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002) (noting that "[t]he district court has subject matter jurisdiction in a diversity case when a fact finder could legally conclude, from the pleadings and proof adduced to the court before trial, that the damages that the plaintiff suffered are greater than $75,000."). This court also outlined the process for determining the amount in controversy in such cases: First, the court must determine whether the complaint is removable on its face; and second, if the complaint is not removable on its face, the court must provide the parties with the opportunity to satisfy

---

[2] The "legal certainty" test states that, when an amount in excess of the jurisdictional amount was originally pleaded, "if, from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed, or if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount, and that his claim was therefore colorable for the purpose of conferring jurisdiction, the suit will be dismissed." *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938).

4

the court as to the amount in controversy. *McCorkindale*, 909 F. Supp. at 653-55. Defendant Johnson & Johnson has already submitted supplemental materials with respect to the amount in controversy.

### B. *Application Of Standards and Procedures*

Turning to the first part of the applicable analysis, the court finds that the face of the complaint in question here provides little, if any, insight into the amount in controversy. *Accord McCorkindale*, 909 F. Supp. at 655 (because Iowa law forbade pleading any amount in controversy, except an amount in excess of the jurisdictional amount in state court, "the allegations of actual damages on the face of the complaint provide the court with no basis for determining the amount of actual damages in question"). Therefore, the court finds that the complaint is not removable on its face, and the court must take recourse to the second prong of the analysis, providing the parties with the opportunity to satisfy the court as to the amount in controversy. *Id*.

Here, defendant Johnson & Johnson concedes that they have not yet obtained Linda Hofmann's medical bills during discovery. However, defendant Johnson & Johnson points out that the average cost of knee replacement revision surgery in 1999 was $24,965 and that Linda Hofmann required two such surgeries, one in 2004 and another in 2005, both at the Mayo Clinic. Thus, defendant Johnson & Johnson asserts that, assuming average costs, the medical bills for Linda Hofmann's two knee replacement revisions alone would amount to $49,930, had she undergone those procedures in 1999. Defendant Johnson & Johnson argues that when the costs of Linda Hofmann's two knee replacement revisions are combined with her attendant claim for pain and suffering, not only for the two knee replacement revision surgeries but also her pain and suffering during the five years she had to endure living with the defective knee replacement devices, her claim for "enhanced

5

disability" from the second surgeries, her loss of income claim, and Robert Hofmann's loss of consortium claim, that a fact finder could legally conclude that the damages the Hofmanns suffered are greater than $75,000.

The court notes that neither party has provided the court with any evidence of the actual monetary damages the Hofmanns have incurred to date for past medical expenses. Nonetheless, from allegations contained in the petition, the court can reasonably infer that the Hofmanns have sustained significant monetary damages.[3] The Hofmanns have also set out claims for Linda Hofmann's pain and suffering during her two knee replacement revision surgeries as well as the five year period she lived with the defective knee replacement devices, Linda Hofmann's "enhanced disability" resulting from her second and third surgeries, and Robert Hofmann's loss of consortium. Thus, assuming that the Hofmanns' allegations are true, these damages claims, in unspecified amounts, when added to the Hofmann's actual damages, are sufficient to satisfy the $75,000 amount in controversy requirement. The court therefore concludes that any realistic assessment of the record establishes the jurisdictional amount of $75,000, exclusive of interest and costs, to be present, and that defendant Johnson & Johnson's burden of proving subject matter jurisdiction has been met. Plaintiffs' Motion To Remand To State Court is, accordingly, denied.[4]

---

[3] The court notes that the parties have not addressed Linda Hofmann's claim for lost income and the court has no way to determine from the face of the petition what amount of damages are being sought by the Hofmanns for these damages.

[4] The court notes that in *Halsne v. Liberty Mutual Group*, 40 F.Supp.2d 1087 (N.D. Iowa 1999), this court found that where a plaintiff's state court complaint does not specify a specific amount of damages, post removal stipulations indicating that the value of the claim at the time of removal did not exceed the jurisdictional minimum were permissible.
(continued…)

6

## III. CONCLUSION

The court concludes that the Hofmanns' damages claims for pain and suffering, enhanced disability, and loss of consortium, all in unspecified amounts, when added to the Hofmann's claims for medical expenses, indicates that the Hofmanns were seeking more than $75,000 at the time this action was removed. Accordingly, the court has subject matter jurisdiction and plaintiffs' Motion To Remand To State Court is **denied**.

---

[4](…continued)
In that case, this court stated,

> [c]onsideration of such a "clarifying" stipulation is in accord with the fundamental principle of removal jurisdiction that whether subject matter jurisdiction exists is a question answered by looking to the complaint as it existed at the time the petition for removal was filed, as well as the further principles that the court's removal jurisdiction must be strictly construed, and that the court is required to resolve all doubts about federal jurisdiction in favor of remand. *McCorkindale*, 909 F. Supp. at 650. As such, it is not only permissible for the court to consider the stipulation, but for the court to find on the basis of the stipulation that removal never attached, because this court never had subject matter jurisdiction owing to lack of sufficient amount in controversy.

*Id*. at 1092. The Hofmanns, however, have not filed such a stipulation in this case. Indeed, the Hofmanns have not indicated what they are seeking for monetary damages in this case nor have they indicated how they have come to value their claims at less than $75,000.

Case 3:06-cv-03083-MWB    Document 9    Filed 05/18/07    Page 7 of 8

**IT IS SO ORDERED.**

**DATED** this 18th day of May, 2007.

⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA

8